IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOYD KENNEDY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | CIV-15-582-F |
| WARDEN ADDISON, | ) ) ) | |
| Respondent. | ) ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that his constitutional rights have been violated because he has "discharged" his sentence(s) and the state refuses to release him from confinement. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be denied.

In this case, Petitioner is challenging the execution of a sentence or sentences that he

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

is serving in the custody of the Oklahoma Department of Corrections.[2] Petitioner contends that "his first sentence [was] commuted to time served by transfer to an out-of-state Texas private prison and [he] discharged his 2nd sentence years ago." Petition, at 6. Petitioner provides no factual support for these allegations or any specific information concerning his sentence(s).

Petitioner does, however, admit that he filed a previous 28 U.S.C. § 2241 action in this Court concerning the same issues. Taking judicial notice of the Court's own records, Petitioner filed a 28 U.S.C. § 2241 action, Kennedy v. Addison, Case No. CIV-14-925-F, in August 2014, and in that action Petitioner asserted substantially identical claims to those he asserts herein. In an amended petition filed in that action, Petitioner alleged that his transfer to out-of-state custody "was a communtation of sentence" and that he discharged his life sentence because the "state legislature defined life as 18 to 60 years [and the] Okla. Dept. Of Corr. set it at 45 to discharge it." Kennedy v. Addison, Case No. CIV-14-925-F, Amended Petition (Doc. # 8), at 6.

United States District Judge Friot referred Petitioner's previous habeas action to United States Magistrate Judge Erwin, who entered a Report and Recommendation on

---

[2]Multiple prisoners in the custody of the Oklahoma Department of Corrections ("ODOC") and confined at the Joseph Harp Correctional Center in Lexington, Oklahoma, have filed similar 28 U.S.C. § 2241 habeas petitions in this Court. In all of these actions, Coughlin v. Addison, CIV-15-536-R, Simpson v. Addison, Case No. CIV-15-537-D, Kennedy v. Addison, CIV-15-582-HE, and Williams v. Addison, CIV-15-593-R, the prisoners, including Petitioner, make the assertion that their sentences have been "discharged" or "commuted" but state officials have refused to release them from confinement. They also contend that the State of Oklahoma has suspended its habeas remedy and refuses to follow state laws regarding habeas applications, citing Okla. Stat. tit. 12, §§ 1333-1334.

October 9, 2014, recommending that the action be dismissed without prejudice for failure to exhaust available state court remedies. In an Order and Judgment entered October 28, 2014, Judge Friot adopted the Report and Recommendation and dismissed the action without prejudice for failure to exhaust available state court remedies. The Tenth Circuit Court of Appeals dismissed Petitioner's attempted appeal of the decision for lack of prosecution. Kennedy v. Addison, No. 14-6219 (10th Cir. Feb. 18, 2015)(Order).

Petitioner now contends that "no state court remedies are available to exhaust" or, alternatively, that "all available state court remedies have been exhausted." Petition, at 6. However, Petitioner provides no evidence that he has sought and been denied relief in Oklahoma state courts. Petitioner provides only a copy of a docket sheet reflecting that he has a pending habeas action in the Cleveland County District Court. Petitioner asserts that he has raised the same issues in that action as he has raised herein, including his claims that a "transfer to Texas discharged one sentence" and that "under state legislative definitions and by transfer to private prison 2nd sentence was discharged." Petition, at 2.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza

3

v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007)("Congress has emphatically directed . . . that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies - that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'")(quoting 28 U.S.C. §2254(b)(1)); Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

It is clear from the face of the Petition that Petitioner has not exhausted his available state court remedies. Although Petitioner contends that there has been a delay in adjudicating his state court habeas action and that the delay has resulted in a confession of the claims asserted in his state court habeas action or a "suspension" of the state habeas remedy, Petitioner provides no evidence that the Cleveland County District Court has entered a decision to this effect or that requiring him to satisfy the exhaustion requirement would be futile.

Petitioner bears the burden of showing that his state court remedies have been exhausted. See Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). Petitioner's allegations and the copy of the docket sheet attached to the Petition plainly show that state habeas proceedings concerning the issues raised in the instant Petition are ongoing. Because

4

Petitioner has failed to exhaust available state court remedies before seeking habeas relief in this Court, his Petition should be dismissed without prejudice to refiling.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE for failure to exhaust available state remedies. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by July 13th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 22nd day of June, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE